■ CARL H. NEUMAN, Respondent, v LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Appellants.—Appeal from so much of an order of the Supreme Court, Nassau County, dated October 12, 1979,

as, upon reargument, adhered to its original determination dated September 5, 1979, which denied the appellants' motion to dismiss the petition or, in the alternative, amend their answer so as to assert the defense of collateral estoppel. Order modified, by adding thereto after the words "this court adheres to its original determination" the following: "except that appellants' motion is granted to the extent that they may amend their answer so as to assert the defense of collateral estoppel." As so modified, order affirmed insofar as appealed from, without costs or disbursements. This matter arose as a result of the State Special Prosecutor's efforts, ultimately unsuccessful, to investigate possible Medicaid fraud and other criminal activity at certain hospitals owned or operated by petitioner. The appellants moved, *inter alia,* to amend their answer so as to assert the affirmative defense of collateral estoppel, based on the Court of Appeals decision in *Matter of Mann Judd Landau v Hynes* (49 NY2d 128). Special Term erred in refusing to grant leave to amend the answer in this way. Our reading of the aforesaid decision, which involved the same parties, leads us to conclude that petitioner may well be estopped from pursuing the instant claim. The Court of Appeals specifically ruled that Deputy Attorney-General Hynes has the authority to investigate possible Medicaid fraud and criminal conduct within hospitals and to issue Grand Jury subpoenas duces tecum in furtherance of his office's duty to prosecute such activity. Our reading of the petition demonstrates that the allegations of wrongdoing have their genesis in petitioner's claim that the Special Prosecutor was acting outside his jurisdiction in investigating his hospitals. Moreover, contrary to Special Term's holding, the motion, which included a request to amend the answer, was not untimely. Accordingly, this branch of the motion should have been granted. Hopkins, J. P., Damiani, O'Connor and Weinstein, JJ., concur.